IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL CASE NO. 6:04-cr-81-1 |
| | § | |
| HARVEY THOMAS SWAN, JR. | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On May 8, 2008, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Harvey Thomas Swan, Jr. Defendant stated he understood that he was under oath, understood that he had a right to proceed before a United States District Judge and waived that right, understood the proceeding before him, consulted with his attorney, was satisfied with his attorney, and was competent and ready to plead true. The government was represented by James M. Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Attorney Ken Hawk of the Office of the Federal Public Defender, Eastern District of Texas.

Defendant was sentenced on April 19, 2005, before The Honorable Michael H. Schneider of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm, a Class D felony. This offense carried a statutory maximum imprisonment term of ten (10) years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of I, was 24 to 30 months. Defendant was subsequently sentenced to 24 months imprisonment to be followed by a two (2) year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, and drug aftercare. On April 12, 2007, Defendant completed his period of imprisonment and began service of the

supervision term.

On January 22, 2008, after being arrested by officers with the Houston County Sheriff's Office for the offense of Public Intoxication, Defendant's conditions of release were modified to include 180 days of community confinement in the residential reentry center. Defendant began service of the 180 days of community confinement on January 30, 2008.

Under the terms of supervised release, Defendant was subject to the following conditions alleged to have been violated:

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall notify the probation officer ten days prior to any change in residence or employment.

3. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician.

4. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

5. Beginning at a time to be arranged by the probation office, Harvey Thomas Swan, Jr., shall reside in the community corrections component of the residential reentry center for a period of 180 days. During this term, the offender shall observe all rules and regulations of the facility.

In its petition, the government alleges that Defendant violated the above conditions in the following ways:

1. On December 22, 2007, Mr. Swan was arrested by officers with Houston County Sheriff's

    Office for the offense of Public Intoxication. On April 22, 2008, Mr. Swan was arrested by officers with Smith County Sheriff's Office for the offense of Assault.

2. Mr. Swan moved from his residence at 108 CR 2122, Crockett, Texas, without notifying the U.S. Probation Officer.

3. On December 22, 2007, Mr. Swan consumed alcohol to excess which resulted in his arrest.

4. Mr. Swan failed to notify the U.S. Probation Officer of his arrest on December 22, 2007. Mr. Swan also failed to notify the U.S. Probation Officer of his arrest on April 22, 2008.

5. Mr. Swan was unsuccessfully discharged from the residential reentry center as a program failure on April 22, 2008, because he absconded.

At the hearing, the parties indicated they had come to an agreement whereby Defendant would plead true to the above alleged violations of his conditions of supervised release. In exchange, the Government agreed to recommend that Defendant serve 5 months in prison and 95 days of the unserved term of community confinement with no supervised release to follow.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than two (2) years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Section 7B1.1(b) of the Sentencing Guidelines indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. Pursuant to Section 7B1.1(a)(3) of the Sentencing Guidelines, violating a condition of supervision by committing conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision, would constitute a Grade C violation. Upon a finding of a Grade C violation, the

Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

Pursuant to the Sentencing Reform Act of 1984, the Court hereby **RECOMMENDS** that Defendant Harvey Thomas Swan, Jr.'s term of supervised release be revoked, and that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of five (5) months, and thereafter, serve 95 days of community confinement, which is the remainder of his unserved term, with no additional term of supervised release to follow. The Court further **RECOMMENDS** that if eligible, Defendant be incarcerated at the Federal Correctional Institution of Texarkana, Texas.

The parties have waived their right to object to the findings of Magistrate Judge John D. Love in this matter so the Court will present this Report and Recommendation to District Judge Michael H. Schneider for adoption immediately upon issuance.

**So ORDERED and SIGNED this 13th day of May, 2008.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE